## JAMES HUNT v. STATE.

No. A-2256.   Opinion Filed May 6, 1915.

1. **APPEAL—Evidence—Sufficiency.** The credibility of witnesses and the weight and value to be given their testimony is a question solely for the jury's determination; and, to reverse a judgment on the ground that the verdict is contrary to law and the evidence, this court must find as a matter of law that the evidence is insufficient to warrant the conviction.

2. **INTOXICATING LIQUOR—Sale—Sufficiency of Evidence.** In a prosecution for the unlawful sale of intoxicating liquor, the evidence examined and held sufficient to sustain the verdict.

(Syllabus by the Court.) )

*Appeal from County Court, Grady County;*
*N. M. Williams, Judge.*

James Hunt, convicted of a violation of the prohibitory law, appeals. Affirmed.

*Barefoot & Carmichael* and *J. H. Venable,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   On information filed in the county court of Grady county, charging that he did sell and deliver to one A. C. Melton one pint of whisky, the plaintiff in error was tried and found guilty and his punishment assessed at confinement in the county jail for thirty days and a fine of fifty dollars. The judgment and sentence was entered on March 18, 1914. It is contended that the evidence is insufficient to support the verdict.

There was but one witness produced by the state. A. C. Melton testified that he was at the time an enforcement officer and deputy sheriff, and had been marshal of the city of Cement; that he was in Chickasha on the 9th day of January, 1914, and that W. I. Grant, another deputy sheriff, was with him, and they went to the New Grand Hotel in Chickasha, and

there witness saw the defendant, James Hunt; witness told Hunt, who appeared to be in charge of the place, that he wanted some whisky; also some girls. He gave Hunt $1.25, and Hunt told him that he would be back in about twenty minutes with the whisky and he brought it back. That he had stayed there two or three other nights and had seen Hunt there several times. That he left that night and went to Waurika; that before leaving he carried the bottle of whisky that he bought from Hunt to Mr. Simpson, county attorney; that he had a previous arrangement with Mr. Simpson to assist in finding where whisky was being sold; that he called for the girls that night and got their names and gave their names to the county attorney before leaving; that he and Grant each took a drink out of the bottle to see if it was whisky; that Hunt told him that he did not deal in anything except what was good.

The defendant as a witness in his own behalf testified that he was a cotton sampler and had been at that business for about fifteen years; that he made as much as three or four hundred dollars per month sampling cotton; that he had seen witness Melton only twice in his whole life, once at the depot and again on the day of trial; that at the time he was night porter at the Grand Hotel, renting out and assigning rooms, and worked from six at night to six in the morning, and that it was his duty to keep the register; that Melton's name was not on the register for that night; that the rooms on the south side of the hotel where Melton says he stayed that night were all occupied, but that Melton was not one of the lodgers. That he never let any person stay at the hotel without registering; that two women, one named Sylvia and one named Opal, stayed there; that he never made any dates with Grant and Melton for these girls, or procured any whisky for them; that he never saw Grant.

W. M. Baldry, a groceryman, and W. A. Thompson, deputy sheriff, Arthur J. Berry, Joe Dews, cotton buyers, and Bose Ramsey, deputy sheriff, testified as character witnesses that the defendant's reputation as to being a law abiding citizen was good.

After a careful examination of the evidence in this case, we are not prepared. to say that the jury were not warranted in finding the verdict returned by them. The credibility of the witnesses and the weight and value to be given to their testimony was a question solely for the jury's determination; and, to reverse a judgment on the ground that the verdict is contrary to law and to the evidence, this court must find as a matter of law that the evidence is insufficient to warrant the conviction.

We find nothing in the record indicating improper motive or passion or prejudice on the part of the jury, and the court in its charge to the jury very properly called their attention to the proof upon the part of the defense showing the defendant's good character. The instructions fully and fairly presented the law of the case, and we are unable to find any error in the record. It follows that the judgment must be, and the same is hereby, affirmed.

FURMAN and ARMSTRONG, JJ., concur.